## Case No. 17,155.

WARD et al. v. The FASHION.

[Newb. 41;[1] 6 McLean, 195.]

District Court, D. Michigan. Oct., 1854.

DECREES IN ADMIRALTY—MATTERS TO BE INCLUDED—COLLATERAL SUBJECTS—COLLISION CASES.

1. A decree in admiralty is the judgment of the court on the subject in controversy, submitted by the pleadings, and must correspond with, and apply to that issue.

2. The opinion of the judge on collateral matters, not involved in the record, is not to be incorporated in the judgment of the court.

3. When a recovery in damages is sought in cases of collision between two vessels, and the proof exhibits faults in both, or no fault in either, and the libel is therefore dismissed, the decree need not set forth the ground assumed by the court, unless the pleadings presented such issue.

[1] [Reported by John S. Newberry, Esq.]

4. Especially will such course be avoided in framing the decree, if the court is apprised, that the same matter is litigated between the parties in another district.

In admiralty. The opinion of the judge in deciding this case upon the merits, is fully reported [in Case No. 17,154]. After this suit had been commenced in this court, the owners of the brig Fashion filed their libel in the district court of the United States, for the district of Ohio, against the steamboat Pacific. The steamer was seized, bonded, and the Wards as claimants appeared in the Ohio district court, and filed their answer. The court in the decision above referred to, designated this collision as arising from inevitable accident, holding, that from the testimony presented, neither party was to blame. The counsel for libellants [Eber B. Ward and S. Ward] wished to have those facts recited in, and made a part of the decree; in order that this judgment might be pleaded in the suit pending in the United States district court, for the district of Ohio as res adjudicata.

Emmons, Lothrop & Newberry, for libellants.

Fraser, Vandyke & Gray, for respondents.

WILKINS, District Judge. In this case a motion was made, in open court, by the proctors of the brig Fashion, that a decree be entered dismissing the libel with costs, according to the judgment of this court previously pronounced in the case. After the court had pronounced its opinion, directing the libel to be dismissed with costs, and one of the proctors had notified the court of the intention of the libellants to appeal, the court was requested by the senior proctor for the libellants, to direct the clerk to suspend entering a decree, as the form of the same would be amicably agreed upon by the solicitors on both sides. To this, Mr. Gray, the proctor of the respondents assented.

The court are now apprised that such agreement cannot be had, and are asked by the motion to direct the decree to be entered as specified in the motion under consideration. This is resisted by the libellants, on the ground, that inasmuch as the court, in the opinion pronounced, declared, that from the evidence, no fault could be found in the management of the steamer Pacific, and that therefore the collision was the result of inevitable accident, that such conclusion should be incorporated in the decree to be entered of record. Before proceeding to the trial, the court was informed that a suit had been instituted in the district of Ohio by the respondents, who had there libelled the steamer Pacific, which suit was still pending and undetermined. The form of the decree is deemed of importance, as the libellants here, desire as defendants there, to arrest further proceedings on the ground that all the matters in controversy have been adjudicated upon by this court, and determined here.

Such would be their right if such had been the case, in the litigation in this court, and the form of the decree would be of little consequence, if the pleadings exhibited the same. If to a libel the plea of jurisdiction is alone set up in the answer, and on hearing the libel be dismissed, the decree need not state, as the cause of the dismissal, the want of jurisdiction, for that sufficiently appears by the record of the case, the decree having reference to the issue. What is the decree but the judgment of the court, on the subject matter submitted,—the judicial determination of the issue? It must correspond with, and apply to that issue.

So far as the opinion of the judge embraces collateral, or matters not involved in the issue, so far the opinion is but judicial reasoning, and illustration, and cannot and should not be made the basis of, or be incorporated in, the judgment. In the present cause the libel exhibited a case of collision between the brig Fashion and the steamer Pacific, and specified certain allegations upon which a recovery in damages was sought. They were these: 1st. The unskilful navigation of the brig Fashion, in starboarding her helm, when she should have ported; by reason whereof the collision occurred. 2d. The unseamanlike conduct of the officers and crew of the Fashion, in not pursuing her course up the river close to the Canada shore, but suddenly changing that course and crossing the track of the Pacific when it was too late for the latter to avoid a collision.

Thus was gross negligence and fault charged by the libel on the vessel of the respondents. The answer denied both these averments, and alleged that the course of the Fashion was on the American side of the channel, and that she was not starboarded, and did not cross the track of the steamer.

The evidence was not strictly confined to this issue; other matters were embraced in the examination, and in the argument of the counsel. It was strenuously and ably urged upon the court, that if the evidence did not make out fault upon the part of the Fashion, yet there was no fault proved upon the part of the Pacific, and that consequently the damages should be apportioned between the colliding vessels. The court took the whole matter into consideration, and having determined that the preponderance of the testimony was with the respondents, so declared its conviction, and that on the issue presented, the libel must be dismissed, not being sustained. Here the opinion would have rested, and such was the intention of the court, and it is so declared. But the question of the apportionment of damages resting on the circumstances of the collision's being an inevitable accident, the court went further than the pleadings warranted, and having fully considered and analyzed the testimony in regard to that proposition, could not, from the testimony, come to any more satisfactory conclusion, than that stated at the close of the written opinion. The exam-

ination and consideration of the question were due to the able counsel who presented the argument, but were not incorporated in the written opinion as forming the basis of the judgment of the court. The language is emphatic, viz.: "The libellants having failed to establish fault in the Fashion, the libel must of course be dismissed."

Although still of the opinion that the preponderance of the testimony as to the speed of the Pacific, the only point determined by the court, was no more than the necessary steerage power under the circumstances, yet I cannot conscientiously so direct the form of the decree, as to preclude the respondents from recovering in their suit, by a prejudgment in this court, when the defense of casualty is not set up in their answer, and the point was not directly specified in the issue. I more readily adopt this course, as the libellants have notified the court of their intention to appeal, which is attended without cost, where the testimony can be more minutely examined with reference to this point, and where my error of judgment can and will be corrected by the circuit judge, and consequently where no damages but the delay of a few months can accrue to the libellants.

NOTE. This cause was taken by appeal to the circuit court of the United States, but with the suit in the district court of the United States, for the district of Ohio, it was compromised.